**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LaKEITH L. McCOY, | No.    18-16833 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-01808-DAD-JLT |
| v. | |
| J. RAMIREZ, Correctional Officer at CCI; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 11, 2019**

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

LaKeith L. McCoy, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

excessive force.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo.  *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).  We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because McCoy failed to raise a genuine dispute of material fact as to whether defendant Ramirez's use of force was more than de minimis. *See Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010) (extent of injury is relevant to Eighth Amendment inquiry, and "[a]n inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim" (citation and internal quotation marks omitted)); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (excessive force inquiry "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-16833